IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARY KAYE HOOKER,                )
                                 )
        Plaintiff,               )
                                 )
v.                               )     CIVIL ACTION NO.
                                 )     1:05-CV-982-GET
FULTON COUNTY, et al.,           )
                                 )
        Defendants.              )

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

COME NOW Defendants Fulton County, Georgia ("the County"), Atlanta-Fulton Public Library System ("AFPL"), and Thomas Andrews, individually and in his official capacity as County Manager, and, in accordance with Local Rule 7.1A(1), N.D.Ga., submit this their Memorandum in Support of Defendants' Motion for Judgment on the Pleadings.

### I.    Introduction

Plaintiff filed her Complaint with this Court on April 13, 2005, alleging race discrimination and retaliation. Plaintiff's Complaint is comprised of three substantive counts: (1) Count I alleging race discrimination in violation of 42 U.S.C. § 1981 ("Section 1981"); (2) Count II alleging race discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment through 42 U.S.C. § 1983 ("Section 1983/Equal

Protection"); and (3) Count III alleging race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").[1]  Defendants' Motion for Partial Judgment on the Pleadings seeks the dismissal of Plaintiff's Section 1983/Equal Protection claim (Count II) on the grounds that it is impermissibly duplicative of her Section 1981 claim and, as such, cannot be asserted as an independent claim in this action.

## II.  Argument and Citation of Authority

When race discrimination claims predicated on the same factual allegations are asserted against a local government defendant under both Section 1981 and Section 1983/Equal Protection, the claims are legally indistinguishable. See Arnold v. Board of Education of Escambia County, 880 F. 2d 305, 317 (11th Cir. 1991). Under such circumstances, it is appropriate that the duplicative claim be dismissed.  See Sandoval v. Hagan, 197 F. 3d 484, 489 (11th Cir. 1999) (noting dismissal of Section 1981 claims as duplicative of Section 1983/Equal Protection claims), rev'd on other grounds, 532 U.S. 275 (2001); Agnew v. Board of Education, 1998 U.S. Dist. LEXIS 10195 *25 (N.D. Ill. 1998) (dismissing Section 1983/Equal Protection claims as

---

[1] Plaintiff's Complaint also includes a Count IV, which purports to state a claim for punitive damages. See Byrne v. Nexhat, 261 F. 3d 1075, 1093 & n.34 (11th Cir. 2001) (noting that claim for punitive damages set forth in separate count of complaint does not constitute independent cause of action).

duplicative of Section 1981 claims). <u>See also</u> <u>Brown v. City of</u> <u>Ft. Lauderdale</u>, 923 F.2d 1474, 1481 (11th Cir. 1991) (declining to consider Section 1981 claim since any relief available under Section 1981 was duplicative of relief available under Section 1983/Equal Protection).[2]

In this action, Plaintiff's Section 1981 claim (Count I) specifically alleges discrimination on the basis of her race. (Complaint, ¶¶ 48-49.) While her Section 1983/Equal Protection claim (Count II) is silent as to the basis upon which she claims discrimination, she expressly incorporates by reference all preceding allegations – including those relating to racial animus. (Complaint, ¶ 52.) Thus, notwithstanding the

---

[2] In contrast to her Section 1983/Equal Protection claim (Count II), Plaintiff's Title VII race discrimination claim (Count III) is <u>not</u> impermissibly duplicative of her Section 1981 claim (Count I), except to the extent double recovery of compensatory damages is statutorily restricted. <u>See</u> 42 U.S.C. § 1981a(a)(1).

deficiency of Plaintiff's Complaint in this regard[3], it is clear that Plaintiff's Section 1983/Equal Protection claim (Count II) is predicated on the same allegations of racial discrimination.[4]

---

[3] By incorporating all preceding allegations of her Complaint in Count II – over 50 separate paragraphs -- Plaintiff has engaged in the impermissible practice known in this Circuit as "shotgun pleading." See Ebrahimi v. City of Huntsville Board of Education, 114 F. 3d 162, 165 (11th Cir. 1997) ("[Where plaintiffs engage in shotgun pleading], it is particularly important for district courts to undertake the difficult, but essential, task of attempting to narrow and define the issues from the earliest stages of the litigation. Absent such efforts, shotgun notice pleadings ... would impede the orderly, efficient, and economic disposition of disputes. ... Experience teaches that when district courts abdicate this responsibility, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." [Citations omitted.]). See also Byrne v. Nezhat, 261 F.3d 1075, 1128-34 (11th Cir. 2001) ("Shotgun pleadings ... impede []the due administration of justice and, in a very real sense, amount [] to obstruction of justice.").

[4] While the factual allegations adopted by reference in Count II of Plaintiff's Complaint likewise include allegations of retaliation, the Section 1983/Equal Protection claim cannot be predicated on these allegations as a matter of law. See Watkins v. Bowden, 105 F.3d 1344, 1354 (11th Cir. 1997) (holding a claim of retaliation "simply does not implicate the Equal Protection Clause."). See also Ratliff v. DeKalb County, 62 F. 3d 338, 340-41 (11th Cir. 1995). Thus, the Section 1983/Equal Protection claim set forth in Count II of Plaintiff's Complaint can only be based on the same factual allegations of racial discrimination underlying the Section 1981 claim set forth in Count I.

In view of the foregoing, Plaintiff's Section 1983/Equal Protection claim (Count II) is clearly duplicative of her Section 1981 claim (Count I) and, as such, is due to be dismissed. <u>See</u> <u>Arnold</u>, 880 F. 2d at 317; <u>Sandoval</u>, 197 F. 3d at 489; <u>Brown</u>, 923 F. 2d at 1481; <u>Agnew</u>, 1998 U.S. Dist. LEXIS 10195 at *25.

**III. Conclusion**

For the foregoing reasons, Defendants respectfully request that this Court grant their Motion for Partial Judgment on the Pleadings and enter an appropriate order dismissing Plaintiff's Section 1983/Equal Protection claim (Count II) as impermissibly duplicative of her Section 1981 claim (Count I).

Respectfully submitted this ___11th___ day of May, 2005.

**[SIGNATURES CONTINUED ON FOLLOWING PAGE]**

/s/R. Read Gignilliat
R. Read Gignilliat
Georgia Bar No. 293390
Amy Snell Auffant
Georgia Bar No. 665732

ELARBEE, THOMPSON, SAPP & WILSON, LLP
229 Peachtree Street, NE
800 International Tower
Atlanta, Georgia 30303
(404) 659-6700 (telephone)
(404) 222-9718 (facsimile)

/s/Willie J. Lovett, Jr.
Willie J. Lovett, Jr.
Georgia Bar No. 459585
Paula Morgan Nash
Georgia Bar No. 528884

OFFICE OF THE FULTON COUNTY ATTORNEY
141 Pryor Street, Suite 4038
Atlanta, GA 30303
404-730-7750 (telephone)
404-730-6324 (facsimile)

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARY KAYE HOOKER,         )
                       )
    Plaintiff,       )
                       )
v.                  )    CIVIL ACTION NO.
                       )    1:05-CV-982-GET
FULTON COUNTY, et al.   )
                       )
    Defendants.      )

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1(D), I certify that this Memorandum of Law in Support of Defendants' Motion for Partial Judgment on the Pleadings was typed in Courier New, 12 point font.

/s/R. Read Gignilliat
R. Read Gignilliat

ELARBEE, THOMPSON, SAPP & WILSON, LLP
229 Peachtree Street, NE
800 International Tower
Atlanta, Georgia 30303
(404) 659-6700 (telephone)
(404) 222-9718 (facsimile)

Attorneys for Defendants

- 7 -

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARY KAYE HOOKER,                 )
                                  )
        Plaintiff,                )
                                  )
v.                                )     CIVIL ACTION NO.
                                  )     1:05-CV-982-GET
FULTON COUNTY, et al.             )
                                  )
        Defendants.               )

## CERTIFICATE OF SERVICE

I hereby certify that on May 11th 2005, I served the **Memorandum in Support of Defendants' Motion for Partial Summary Judgment** by placing same in a postage-paid envelope and placing it in first class United States Mail addressed as follows:

        Larry A. Pankey, Esq.
        Miles, McGoff & Moore, LLC
        4360 Chamblee Dunwoody Road, Suite 400
        Atlanta, GA 30341-1055

        This __11th__ day of May, 2005.


                        ___/s/R. Read Gignilliat_____
                        R. Read Gignilliat

ELARBEE, THOMPSON, SAPP & WILSON, LLP
229 Peachtree Street, NE
800 International Tower
Atlanta, Georgia 30303
(404) 659-6700 (telephone)
(404) 222-9718 (facsimile)

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARY KAYE HOOKER,                        )
                                         )
        Plaintiff,                       )
                                         )
v.                                       )      CIVIL ACTION NO.
                                         )      1:05-CV-982-GET
FULTON COUNTY, et al.                    )
                                         )
        Defendants.                      )

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2005, I electronically filed **Memorandum in Support of Defendants' Motion for Partial Summary Judgment** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record who was served with same on May 11, 2005 by first class United States Mail addressed as follows:

> Larry A. Pankey, Esq.
> Miles, McGoff & Moore, LLC
> 4360 Chamblee Dunwoody Road, Suite 400
> Atlanta, Georgia  30341-1055

> /s/R. Read Gignilliat
> R. Read Gignilliat

ELARBEE, THOMPSON, SAPP & WILSON, LLP
229 Peachtree Street, NE
800 International Tower
Atlanta, Georgia 30303
(404) 659-6700 (telephone)
(404) 222-9718 (facsimile)
Attorneys for Defendants