**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **MARY KAYE HOOKER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION FILE** |
| | ) **NO. : 1:05-CV-982-GET** |
| **FULTON COUNTY, et al.** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION
FOR PARTIAL JUDGMENT ON THE PLEADINGS AND
MEMORANDUM OF LAW IN SUPPORT THEREOF**

Plaintiff Mary Kaye Hooker respectfully requests that this court deny Defendants' Motion for Partial Judgment on the Pleadings.

I.   INTRODUCTION

Plaintiff filed her complaint claiming violations of 42 U.S.C. § 1981 ("Section 1981"), 42 U.S.C. § 1983 ("Section 1983") against all defendants, and violation of Title VII against Fulton County and the Atlanta-Fulton County Public Library System.  Defendants filed an Answer, as well as the Motion for Partial Judgment on the Pleadings that Plaintiff responds to here.  Through their motion, Defendants seek

-1-

the dismissal of Count II, Plaintiff's Section 1983/Equal Protection claim.

II.     ARGUMENT AND CITATION OF AUTHORITY

    A.     Section 1981 & Section 1983

Title VII, Section 1981 and Section 1983 claims each provides an independent basis for redress of race discrimination claims. Defendants mislead the court into believing that Plaintiff's claims for relief under Section 1981 and Section 1983 are impermissibly duplicative. Section 1983 provides for the equal protection of citizens "under color of state law" on the basis of race.[1]  Section 1981, provides for, *inter alia*, the right to make or enforce contracts regardless of an individual's race.[2]  A major distinction between these two statutes is that Section 1983 claims can only be brought when some action taken by a state actor is believed to be taken on the basis of race. Traditionally, Section 1981 claims could be brought against private actors, but through the enactment of the Civil Rights Act of 1991, Congress expanded the scope of Section 1981 claims, allowing Plaintiffs to seek redress against state actors.[3]

---

[1]42 U.S.C. § 1983.

[2]42 U.S.C. § 1981.

[3]See 42 U.S.C. § 1981(c).  See also, Federation of African Am. Contractors v. City of Oakland, 96 F.3d 1204 (9th Cir. 1996).

Many of Defendants' citations in their Motion for Partial Judgment pre-date the Civil Rights Act of 1991.

B.    Make And Enforce Contracts Clause v. Equal Benefits Clause

Plaintiff's Section 1981 and Section 1983 claims are not impermissibly duplicative. The 11th Circuit has allowed Plaintiffs to maintain causes of action under Title VII, Section 1981 and Section 1983 in the face of a motion to dismiss a Plaintiff's Section 1983 claims.[4] In a thorough analysis of the legislative history of the Civil Rights Act of 1991 the court held that Title VII, Section 1981 and Section 1983 claims may all be brought against public sector employers, and that changes to the Act did not make Section 1983 claims against public employers obsolete.[5] Given the 11th Circuit's  recognition of the viability of each of these claims as an independent cause of action, this Court should deny Defendants' Motion for Partial Judgment on the Pleadings.

Though Defendants cite to authority to support the theory that such claims cannot be brought simultaneously, the examples Defendants point to do not apply in the present case. In the Arnold case, the 11th Circuit held that a lawsuit brought under

---

[4]Johnson v. City of Fort Lauderdale, 148 F.3d 1228, 1231 (11th Cir. 1998).

[5]Id.

Section 1983 would achieve the same result under Section 1981's "equal benefit clause".[6] The "equal benefit clause" provides a "full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens."[7]

In the present case, Plaintiff's claim under Count II was brought under a different clause of Section 1981, allowing for individuals to freely "make and enforce contracts" regardless of their race. While it is easy to see how the Arnold court reached its conclusion as the wording of the "equal benefit clause" is quite similar to that of Section 1983 itself, the holding of the case does not apply here when no such "equal benefit clause" claim is being advanced by the Plaintiff. As such, Defendants' motion should be denied.

In the remaining cases cited by Defendant, the issue of the duplication of claims is not actually addressed by the court, rather, it is an issue noted in each courts' recitation of facts. In Sandoval, a case dealing with Alabama's "English Only" law, the holding of the court does not indicate what clause of Section 1981

---

[6]Arnold v. Board of Education of Escambia County, 880 F.2d 305, 317 (11th Cir. 1989).

[7]Arnold, 880 F.2d at 317.

-4-

Plaintiffs' claims were alleged under.[8]  As we don't know what claims the court considers duplicative, and this is not one of the issues specifically addressed by the court in its holding, it should hardly be considered precedential here.

The <u>Agnew</u> case cited by the Defendants is also not instructive.[9]  In <u>Agnew</u>, the court's finding deals with the issue of whether the Plaintiffs' amended complaint states a cause of action under Section 1981 and Section 1983 as the Plaintiffs did not specify which statute they were using to bring their claims.[10]  Upon interpreting the facts of the Plaintiffs' amended complaint, the court makes the determination that the facts give notice of a complaint based upon Section 1981.[11]  The Court further holds that "it is unclear whether the plaintiffs intend to base their § 1983 claim in Count II on any independent constitutional ground."[12]  As Plaintiff here has clearly indicated the facts and bases for her Section 1983 claims, the <u>Agnew</u> holding has no precedential value here.

---

[8]<u>Sandoval v. Hagan,</u> 197 F.3d 484, 489 (11th Cir. 1999).

[9]<u>Agnew v. Board of Education,</u> 1998 U.S. Dist. LEXIS 10195(N.D. Ill. 1998).

[10]<u>Id</u>. at *24.

[11]<u>Id</u>.

[12]<u>Id</u>. at *25.

-5-

C.    Civil Rights Act of 1991/Statutory Language of Section 1981

Prior to the 1991 amendments to the Civil Rights Act, there was no separate cause of action for a Plaintiff against a state actor under Section 1981. However, following those amendments, the statute explicitly authorizes claims against state actors under Section 1981.[13]   Where the words of a statute are unambiguous, "the judicial inquiry is complete."[14]  As a result of the changes made by the Civil Rights Act of 1991, the statutory language provides a clear path for Plaintiffs to bring Section 1981 claims against state actors.[15]

Defendants point to two cases holding that Section 1981 claims are duplicative of Section 1983 claims.[16]  However, here, Defendants seek to dismiss the Section 1983 claims in favor of Plaintiff's Section 1981 claims. The dismissal of Section 1981 claims brought with Section 1983 claims prior to the 1991 amendments was in keeping with the statutory language that existed at the time. However, the 1991

---

[13]42 U.S.C. § 1981(c).

[14]Desert Palace, Inc. v. Costa, 539 U.S. 90, 98 (2003) (citations omitted).

[15]42 U.S.C. § 1981.

[16]See Memorandum of Law in Support of Defendants' Motion for Judgment on the Pleadings, p. 2.

amendments now provide for a specific cause of action against state actors under Section 1981.

The congressional intent of the 1991 amendments was to establish additional rights of suit under Section 1981, not to limit civil rights litigation by abrogating Section 1983 claims.   In fact, "the legislative history of Title VII reflects congressional intent to retain, rather than preempt § 1983 as a parallel remedy for unconstitutional public sector employment discrimination."[17] The 11th Circuit further noted that after the 1991 amendments "it would be perverse to conclude that the Congress provided additional remedies simultaneously intended silently to extinguish the remedy that § 1983 has provided for many years."[18] It is reasonable to assume that this argument is applicable to Section 1981 claims as well, given that the amendments to Title VII occurred contemporaneously to the amendments to Section 1981.

Here the statutory language of both Sections 1981 and 1983 is clear.  Though they both provide remedies for discrimination, a simple reading of the text of the statutes reveals that they have separate and distinct purposes.  As such, claims

---

[17]Johnson, 148 F.3d at 1230.

[18]Id.

brought under both Section 1981 and Section 1983 are not duplicative, and Defendants' Motion should be denied.

III.   CONCLUSION

The Court should deny Defendants' Motion for Partial Judgment on the Pleadings. There is a distinct difference between Section 1981 and Section 1983 claims. Further, claims can be brought under Section 1981 for different types of violations. The 11th Circuit has previously upheld a district court's denial of a Defendant's motion to dismiss a Section 1983 claim when the Plaintiff had also brought Title VII and Section 1981 claims. Further, the clearest cases to address the duplicative nature of Section 1981 and 1983 claims in the 11th Circuit was brought under a different clause than Plaintiff's claims here, and as such, those rulings should not be applied. Finally, following the amendments to Section 1981 created in the Civil Rights Act of 1991, there is no longer a need to choose between claims brought under Section 1981 and Section 1983 as Congress has provided additional remedies for seeking redress due to discrimination. For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' Motion for Partial Judgment on the Pleadings.

Respectfully submitted this ___3rd___ day of June, 2005.

**MILES, MCGOFF & MOORE, LLC**

By:_____

Larry A. Pankey, Esq.
Georgia Bar No. 560725
Marcus G. Keegan, Esq.
Georgia Bar No. 410424

Suite 400
4360 Chamblee Dunwoody Road
Atlanta, Georgia 30341-1055
(770) 457-7000
(770) 455-3555 (Facsimile)

Attorneys for Plaintiff

-9-

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **MARY KAYE HOOKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION FILE** |
| | ) | **NO. : 1:05-CV-982-GET** |
| **FULTON COUNTY, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1(D), I certify that this Memorandum of Law in Support of

Plaintiff's Response to Defendants' Motion for Partial Judgment was typed in Times

New Roman, 14 point font.

**MILES, MCGOFF & MOORE, LLC**

By:_____

Marcus G. Keegan, Esq.
Georgia Bar No. 410424

Suite 400
4360 Chamblee Dunwoody Road
Atlanta, Georgia 30341-1055
(770) 457-7000
(770) 455-3555 (FAX)
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **MARY KAYE HOOKER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )     **CIVIL ACTION FILE** |
| | )     **NO. : 1:05-CV-982-GET** |
| **FULTON COUNTY, et al.** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2005, I electronically filed *"Plaintiff's Response to Defendants' Motion for Partial Judgment on the Pleadings and Memorandum of Law in Support Thereof"* with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

R. Read Gignilliat
Amy Snell Auffant
Elarbee, Thompson, Sapp & Wilson, LLP
229 Peachtree Street, NE
800 International Tower
Atlanta, Georgia 30303

Willie J. Lovett, Jr.
Paula Morgan Nash
Office of the Fulton County Attorney
141 Pryor Street, Suite 4038
Atlanta, Georgia 30303

**MILES, MCGOFF & MOORE, LLC**

By: _____

Larry A. Pankey, Esq.
Georgia Bar No. 560725
Marcus G. Keegan, Esq.
Georgia Bar No. 410424

Suite 400
4360 Chamblee Dunwoody Road
Atlanta, Georgia 30341-1055
(770) 457-7000
(770) 455-3555 (FAX)

Attorneys for Plaintiff